```
                    UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                         Norfolk Division
```

**ROBERT BRIAN EDWARDS, #333519**

        Petitioner,

v.                                                  2:06CV729

**GENE M. JOHNSON, Director of the**
**Virginia Department of Corrections,**

        Respondent.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

On July 8, 2003, in the General District Court of Chesterfield County, Virginia, petitioner was convicted of driving after being declared a habitual offender and sentenced to ninety days in jail. On May 3, 2004, in the Circuit Court of Chesterfield County, petitioner was convicted of driving while intoxicated, third or subsequent offense, and sentenced to five years in prison. These convictions stemmed from the same events.

Petitioner appealed the drunk driving conviction in the Virginia Court of Appeals, but on December 1, 2004, the appeal was denied by a single judge and confirmed by a three-judge panel on January 18, 2005. Petitioner appealed to theSupreme Court of Virginia, which denied the appeal on July 28, 2005, and denied a motion for rehearing on September 23, 2005. On January 18, 2006, petitioner filed a petition for

a writ of habeas corpus in the Supreme Court of Virginia, but the petition was dismissed on June 20, 2006.

On December 22, 2006, petitioner filed a petition for writ of habeas corpus in this Court, and on February 12, 2007, respondent filed a motion to dismiss and Rule 5 answer. On May 2, 2007, petitioner filed an amended habeas petition, and the respondent filed a supplemental motion to dismiss and Rule 5 answer on May 29, 2007. The matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. Trial counsel was ineffective because he:

    a. failed to inform petitioner before and during the arraignment on the habitual offender charge that he could not be convicted under the statutes applied to the habitual offender charge, therefore, petitioner's plea to that charge was involuntary, unintelligent, and uninformed;

    b. operated under an actual conflict of interest, by allowing the prosecutor to commit "blatant misconduct," by colluding to convict petitioner of a nonoffense;

    c. failed to inform petitioner of factual and legal information directly related to his defense, causing a miscarriage of justice;

    d. failed to object and preserve for appeal issues of prosecutorial misconduct and other trial errors;

2. The prosecutor engaged in misconduct, including suborning perjury; and

3. Appellate counsel was ineffective by raising a "frivolous issue" on appeal.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light

most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d), prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of

4

> the State, within the meaning of this section, if
> he has the right under the law of the State to
> raise, by any available procedure, the question
> presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

## C. Claim 1(a) is Barred by the Statute of Limitations.

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA). With the passage of the AEDPA, several modifications were made to habeas corpus law. Before the passage of the AEDPA, a prisoner could file a habeas corpus petition at any time. See Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998). However, the AEDPA created a statute of limitation for habeas corpus petitions. See 28 U.S.C. § 2244(d)(1)(2000); Brown, 150 F.3d at 375. The AEDPA provides that any person in custody pursuant to a state court judgment has a one-year period of limitation for the filing of a writ of habeas corpus. The period of limitation runs from the latest of:

> (A) the date on which the judgment became final by
> the conclusion of direct review or the expiration
> of the time for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of
> the Constitution or laws of the United States is

>    removed, if the applicant was prevented from filing
>    by such State action;
>
>    (C) the date on which the constitutional right
>    asserted was initially recognized by the Supreme
>    Court, if the right has been newly recognized by
>    the Supreme Court and made retroactively applicable
>    to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the
>    claim or claims presented could have been
>    discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which state post-conviction or other collateral review is pending is not counted toward this period of limitation. See id. § 2244(d)(2).

Petitioner alleges ineffective assistance of counsel regarding his conviction for driving after being declared a habitual offender. The record indicates that petitioner was convicted on July 8, 2003, in the General District Court for Chesterfield County. The judgment order stated that unless petitioner appealed his conviction to the Circuit Court by July 18, 2003, the conviction would become final pursuant to section 16.1-132, of the Virginia Code. Under the AEDPA, this means that petitioner had until July 19, 2004, to file a federal habeas petition. However, petitioner did not file his state habeas petition until January 18, 2006, two and one-half years after his conviction became final. The instant petition was not filed until December 22, 2006, which is far beyond the federal statute of limitations period.

Having found that petitioner's federal habeas petition is time barred, the Court must next determine whether to invoke the doctrine of equitable tolling to excuse petitioner for not filing within the limitation period. In applying the AEDPA, the Fourth Circuit and elsewhere have concluded that the time limitation codified in § 2244(d) is analogous to a statute of limitations rather than a jurisdictional bar. See Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000);

6

Brown v. Angelone, 150 F.3d 370, 317-72 (4th Cir. 1998). Thus, under the appropriate circumstances, the judicial doctrine of equitable tolling may be invoked by petitioners whose claims are time barred by § 2244(d). See Harris, 209 F.3d at 329-30. Equitable tolling was developed to overcome injustices that may occur under a strict application of a statute of limitations. It is a "discretionary doctrine that turns on the facts and circumstances of a particular case [and] equitable tolling does not lend itself to bright-line rules." Id. at 330. In general, the doctrine of equitable tolling is available only under two circumstances: (1) where a plaintiff is prevented from asserting his claims by egregiously wrongful conduct on the part of the defendant, and (2) where extraordinary circumstances beyond plaintiff's control made filing impossible. Id. However, in applying equitable tolling specifically to § 2244(d), the Fourth Circuit has cautioned that the doctrine "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against a party and gross injustice would result." Id.

Petitioner alleges that the one-year period was not reasonable for him to become aware of the nature of the constitutional violations against him, because he had to care for his father, serve his sentence, and appeal his drunk driving case. He also alleges that the Supreme Court of Virginia failed to adjudicate the claim on the merits because it ignored the "Ends of Justice Exception." The allegations are without merit. A habeas petition filed after the statute of limitations expires may be excused if a petitioner can demonstrate that: (1) he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from filing on time. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner's filing of a timely habeas petition

7

regarding the convictions of May 4, 2004, demonstrates his understanding of the time limits for collateral relief. Petitioner's failure to timely seek collateral relief for his conviction as an habitual offender is unsupported by an factual premise that would support application of the doctrine of equitable tolling."

Furthermore, petitioner's reliance on the "Ends of Justice Exception" is misguided. Petitioner argues that review of the claim on the merits is nothing more than a restatement of claims already raised, interspersed with unsubstantiated allegations. Additionally, the Fourth Circuit has held that equity will not excuse even death penalty petitioners from failing to abide by procedural deadlines, unless they can provide a sufficient reason. Reid v. Johnson, 333 F. Supp.2d 543, 553 (E.D. Va. 2004). The misdemeanor claim is barred by the statute of limitations and should be DISMISSED.

### D.  Petitioner did not receive ineffective assistance of counsel.

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear. They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court. In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance." Id. at 687. The Court stated:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
>
> . . . .
>
> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires

8

> showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test, each of which must be met before the conduct of counsel can be found constitutionally defective. First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996). Petitioner must also show actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be

9

highly deferential in scrutinizing counsel's tactics. See <u>Bennett v. Angelone</u>, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." <u>Bell v. Evatt</u>, 72 F.3d 421, 429 (4th Cir. 1995)(citing <u>Strickland</u>, 466 U.S. at 689).

**1.** **<u>The second portion of Claim 1(b) and Claim 1(d) are without merit</u>.**

In Claims 1(b) and 1(d), collectively, petitioner alleges that his counsel was ineffective for failing to object to what he refers to as blatant misconduct by the prosecutor and for failing to preserve the matter for appeal. Petitioner states two instances of misconduct to which counsel should have posed an objection: (1) the prosecution's statement that petitioner's truck was in gear, which prejudiced the jurors; and (2) the prosecution leading a witness to elicit false testimony. The record indicates that the prosecutor, in his opening statement, did state that the vehicle was in gear. (2/02/04 Tr. at 58.) However, the judge qualified the opening statements by declaring that they were only a preview of what the attorneys anticipated the evidence would show. (2/02/04 Tr. at 49.) Therefore, an objection would have been futile. Further, although petitioner's counsel did not object to the statement that the vehicle was in gear, he did elicit testimony from one of the arresting officers that the vehicle was not, in fact, in gear, but idling. (2/02/04 Tr. at 94.) Petitioner bases his claim that the prosecutor lead a witness to make false statements on facial and body language gestures that the prosecutor made towards his witnesses during testimony, which the jury did not see, but petitioner did. Petitioner has no evidence beyond his conclusions and contrasts his allegation by his own account when he admitted to being drunk and starting the engine. (04/13/04 Tr. at 26, 32.) It is clear that had counsel objected, the outcome would have been no different. Petitioner has not shown that

10

counsel failed either the performance or the prejudice prongs of Strickland, and he has not demonstrated that counsel was ineffective. The claim is without merit and should be DISMISSED.

### 2. Claim 1(c) is without merit.

Petitioner alleges that counsel was ineffective for failing to inform petitioner of legal information directly related to his defense, causing a miscarriage of justice. Petitioner states that if he had been aware of the definitions of "operator" and "driver" as set forth in section 46.2-357, of the Virginia Code, he could have argued against the prosecutor's use of an alternative definition. Petitioner also argues that "had the jury been made aware of the definitions of 'operator' and 'driver'. . . then the Commonwealth could not have been able to fool the jury into thinking petitioner was the 'driver.'" (Br. in Support of Pet. at 10-11.) Petitioner bases his allegation on the notion that the information counsel withheld from him would have allowed petitioner to rebut an element necessary to establish his conviction. However, the Supreme Court of Virginia held that the definition of "operating" a motor vehicle within section 18.2-266, of the Virginia Code, includes not only moving a vehicle but also starting the engine and manipulating mechanical or electrical equipment, without actually putting the car in motion. Stevenson v. City of Falls Church, 416 S.E.2d 435, 438 (Va. 1992). The evidence showed that petitioner was found asleep with the car engine running, and he had a profound smell of alcohol, which was enough to convict petitioner of the offense. (02/02/04 Tr. at 68.) More importantly, petitioner conceded that he had been drunk and had turned on the engine, which alone was enough for a conviction. (04/13/04 Tr. at 26, 32.) The record indicates that counsel attempted to argue that there was an ambiguity between the words "driver" and "operator" and that the ambiguity should be resolved in favor of petitioner. (2/02/04 Tr.

at 79-81.) While counsel may not have informed petitioner of a statutory definition, he did perform in a functionally equivalent way by arguing in favor of an outcome whereby petitioner could not be convicted because of the ambiguity in the definitions. Therefore, counsel's performance cannot be deemed deficient under <u>Strickland</u>. Given the <u>Stevenson</u> precedent, the outcome would not have changed had counsel told petitioner the definition, and therefore, the prejudice prong was also not met. The claim is without merit and should be DISMISSED.

### 3. **Claim 3 is without merit.**

Petitioner alleges that appellate counsel was ineffective for raising a "knowingly-frivolous" assignment of error on appeal. Petitioner has failed to demonstrate that the assignment of error was frivolous. Counsel may not be faulted for his strategic or tactical decisions. <u>Strickland</u>, 466 U.S. at 681. The Supreme Court of Virginia dismissed the claim on the grounds that petitioner did not specify why the claim was frivolous or what objections should have been made. (<u>Edwards v. Director</u>, Rec. No. 060129, S.Ct. Ord. of 6/20/06 at 4-5.) Here, petitioner does not cite any new evidence concerning specific objections but, rather, refers to his state habeas claim and argues that the Supreme Court erred. However, this Court finds no compelling reason to disturb the Supreme Court's conclusion.

Petitioner also contends that the appellate decision provides evidence in itself that counsel raised a frivolous claim. The Court disagrees. Counsel is not compelled to raise every issue available to him at trial or on appeal. <u>Jones v. Barnes</u>, 463 U.S. 745, 751-52 (1983). Just because a court rejects an argument does not necessarily make the issue frivolous. Finally, petitioner has not given any evidence that counsel had knowledge that the assignment of error was frivolous, beyond conclusory statements in his state habeas petition. (St. Hab. Pet. at

12

15-16.) Petitioner has failed to show that counsels performance was deficient or prejudicial under Strickland and, therefore, he did not receive ineffective assistance of counsel. The claim is without merit and should be DISMISSED.

### **E. Procedural Default**

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal. In Coppola v. Warden of Virginia State Penitentiary, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling . . . .

Va. S. Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." Smith v. Murray, 477 U.S. 527, 533 (1986). The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).[1] In Whitley v. Bair, 802 F.2d 1487 (4th Cir. 1986), the court

---

[1] The court in Bassette relied on section 8.01-654(B)(2) of the Virginia Code. Bassette, 915 F.2d at 936. Section 654 (B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654

held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims. We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals of all Virginia cases, civil or criminal, and conclude that such violation constitutes a procedural default sufficient to preclude federal court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

Id. at 750.

---

(B)(2)(Michie 1992).

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the Supreme Court of Virginia. Therefore, the issue of actual prejudice need not be addressed.

### 1. **Claim 1(a) is also procedurally defaulted**.

In addition to being barred by the statute of limitations, Claim 1(a) is procedurally defaulted. Under section 16.1-132, of the Virginia Code, petitioner had ten days to appeal the General District Court conviction to the Circuit Court. However, petitioner failed to do so. He also failed to reference the habitual offender conviction in the direct appeals of his drunk driving conviction in the Virginia Court of Appeals and the Supreme Court of Virginia. In fact, the first time petitioner raised the claim was in his state habeas petition. This is a clear example of petitioner attempting to use his habeas petition as a substitute for the appeal process, which is in violation of the precedent set forth in Slayton. The claim is procedurally defaulted and should be DISMISSED.

### 2. **Claim 2 is procedurally defaulted**.

Petitioner claims that the prosecutor engaged in misconduct by misleading the jury and by eliciting perjury from his witnesses. It is important to note that petitioner appealed his conviction twice, raising only the ground that the trial court erred in allowing petitioner to request a jury trial on a plea of not guilty, in violation of Rule 3A:13(a) of the Rules of the Supreme Court of Virginia. (Resp't Ex. C at 2; Ex. F at 1.) In both appeals, petitioner could have raised this issue, but chose not to, which was the basis on which the Supreme Court

of Virginia dismissed the claim by procedural default. (<u>Edwards</u>, No. 060129 at 4.) Petitioner asserts that the Supreme Court of Virginia erred because his claim was lumped together with an ineffective assistance of counsel claim. This contention is without merit. The core of the claim is based on an allegation of prosecutorial misconduct. The Supreme Court of Virginia found that the misconduct itself could not be alleged in a habeas petition if it had not been alleged on appeal. Petitioner has provided only conclusory statements to support his argument that it would be a fundamental miscarriage of justice to not hear the claim on the merits. The claim is procedurally defaulted and should be DISMISSED.

    2.   **<u>The first portion of Claim 1(a) is procedurally defaulted</u>.**

Petitioner claims that he received ineffective assistance of counsel during his drunk driving jury trial because counsel operated under a conflict of interest and colluded with the prosecutor to convict him. The Supreme Court of Virginia addressed the claim on the merits, finding that petitioner had not raised the evidence necessary to show that such a conflict of interest existed. (<u>Edwards</u>, No. 060129 at 3.) Petitioner's amended petition provides new facts to support the presence of a conflict of interest, including the presence of a "secret agreement" between the prosecutor and petitioner's counsel and the presence of a plausible alternative defense strategy that counsel chose not to take. Neither of the arguments were raised before the Supreme Court of Virginia. Therefore, the state court has been denied the opportunity to evaluate petitioner's claim against the evidence now before this Court. However, if petitioner were to return to state court with this claim, it would be dismissed as a successive petition under section 8.01-654(B)(2), of the Virginia Code, since he has not demonstrated that the information

was not available to him when he filed his original state petition. The claim is procedurally defaulted and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will

17

result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                      /s/
                                 **James E. Bradberry**
                                 **United States Magistrate Judge**

**Norfolk, Virginia**

    **July 20**    , **2007**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Robert Brian Edwards, #333519, <u>pro</u> <u>se</u>
    Greensville Correctional Center
    901 Corrections Way
    Jarratt, VA  23870

    Alice T. Armstrong, Esq.
    Assistant Attorney General of Virginia
    900 E. Main Street
    Richmond, VA  23219

                                     Fernando Galindo, Clerk

                                     By _____
                                                Deputy Clerk

                                     _____, 2007